UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

ALEJANDRO FLETES-LOPEZ

Case No. 2:11-cr-00096-JAM

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of      is reduced to

  . If this sentence is less than the amount of time the defendant already served, the sentence

is reduced to a time served; or

    ☐ Time served.

    If the defendant's sentence is reduced to time served:

        ☐ This order is stayed for up to fourteen days, for the verification of the

        defendant's residence and/or establishment of a release plan, to make

        appropriate travel arrangements, and to ensure the defendant's safe

        release. The defendant shall be released as soon as a residence is verified,

        a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of          months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before        , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

As an initial matter, Defendant failed to exhaust his administrative remedies.  Defendant's request to the Bureau of Prisons for a reduction of sentence was entirely based on his medical condition, see Ex. A to Mot., ECF No. 403, yet his motion for compassionate release is based upon family circumstances, see Mot. at 8-10.  As such, Defendant did not exhaust his administrative remedies.  See Opp'n at 6-7, ECF No. 398-1.

Even if the Court were to overlook Defendant's failure to exhaust, the Court finds Defendant's family circumstances do not constitute extraordinary and compelling reasons. Although Defendant's mother may be suffering financial hardship and Defendant's siblings who require care may benefit from Defendant's additional caregiving assistance, this is insufficient to warrant termination or reduction of his sentence.  See U.S. v. Lisi, 440 F.Supp.3d 246, 252, 2020 WL 1331955 (S.D.N.Y. 2020) (finding that the defendant must be the only available caregiver to an incapacitated family member to constitute an extraordinary and compelling circumstance); see also U.S. v. Henareh, 11-cr-93-1 (JSR), 2021 WL 119016, at *4 (S.D.N.Y. Jan. 13, 2021) ("Nor

3

can it be said that financial hardship to one's family—a common result of one's committing a crime and being imprisoned—can of itself be called 'extraordinary.'").

Moreover, Defendant's original sentence of 324 months, already at the low-end of the sentencing guidelines, was previously reduced to 156 months.  Opp'n at 10.  Considering the serious nature of his crime, a further reduction in Defendant's sentence would undermine the 18 U.S.C. § 3553(a) sentencing factors by minimizing the original sentence's deterrent effect and failing to protect the public from the possibility of further crimes by Defendant. Accordingly, Defendant's Motion to Reduce Sentence is DENIED.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: 9/17/2021

_____
UNITED STATES DISTRICT JUDGE